## J. H. PORTWOOD ET AL V. THE STATE OF TEXAS.

Art. 398 of the Code of Criminal Procedure reads as follows: "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." (Paschal's Dig., Art. 2865, Note 722.) Art. 724 of the Penal Code reads as follows: "The offense of burglary is constituted by entering a house by force, threats, or fraud, at night, or, in like manner, by entering a house during the day and remaining concealed therein until night, with the intent in either case of committing a felony." (Paschal's Dig., Art. 2359.) In charging the offense of burglary, it is essential that the indictment should state that the house was entered for the purpose of committing a felony, and it should also be stated that the accused intended to commit burglary and the particular felony.

As a general rule, the indictment may follow the language of the statute; but there are cases where more particularity is required, either from the obvious intention of the legislature, or from the application of known principles of law.

APPEAL from Karnes. The case was tried before Hon. BENJAMIN F. NEAL, one of the district judges.

The indictment charged that the accused "a certain house, situated in the town of Helena, then and there occupied and used by the firm of Calloway & Stowell for the purpose of merchandizing, with force and arms did willfully, forcibly, and feloniously enter, and with the felonious intent then and there a felony to do and commit." Portwood moved to quash, which motion was sustained, and the State appealed.

*F. C. Hume,* for the State, cited United States v. Lancaster, 2 McLean, 431; State v. Mitchell, 6 Mo., 147; State v. Helm, 6 Mo., 263.

*Mills & Tevis,* for the appellee, cited Paschal's Dig., Arts. 2359, 2370, 2371, and 2372, and insisted that the indictment was insufficient.

DONLEY, J.—By Art. 398, O. & W. Dig., tit. Criminal

Procedure, it is provided, that "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

It is an essential ingredient of the offense here intended to be charged, that the house should be entered for the purpose of committing a felony. (O. & W. Dig., Art. 724.) This is averred in the words of the statute.

As a general rule, it is sufficiently certain to describe an offense in an indictment in the language of the act creating the offense; but there are cases where more particularity is required, either from the obvious intention of the legislature, or from the application of known principles of law. (Moffitt v. The State, 6 Eng., 169; The people v. Taylor, 3 Denio, 91; Commonwealth v. Stout, 7 B. Monr., 249; Same v. Cook, 13 B. Monr., 149.)

Murder, robbery, rape, arson, theft, and other offenses that might be mentioned, are felonies. And the allegation, that the house was entered with the intent to commit a felony, does not contain the certainty required in the article of the digest above cited. The offense which it is alleged the defendant intended to commit is not so described as to enable the defendant to plead in bar of another prosecution for the same offense. The indictment is insufficient for want of certainty in describing the felony which it is averred the defendant entered the house to commit. Judgment is                                    AFFIRMED.