FAYETTE WILBURN v. THE STATE.

1. BURGLARY.—In charging the intention of the accused in an indictment for burglary, it is not sufficient to charge an intention to commit a felony, but the particular offense should be stated and the facts necessary to constitute it set forth.

2. EVIDENCE.—On the trial of a defendant who was found guilty of burglary, a State witness was permitted to testify that his house had been broken open and robbed previous to the commission of the act for which defendant was being tried, and that he believed defendant and his wife were the guilty parties: *Held*, error, for which the judgment is reversed.

3. BURGLARY.—To constitute burglary, there must be a breaking and entry with a felonious intent; and it is not material whether the intention to commit a felony is actually carried into effect, or only demonstrated by the attempt or by some overt act, to be decided by the jury from the facts in evidence.

APPEAL from Red River. Tried below before the Hon. John C. Easton.

*A. R. Mitchell*, for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The appellant was jointly indicted with Rachel Wilburn, charged with burglary in a dwelling-house. The intent, as charged in the indictment, was "to commit therein a felony, to wit, theft." It has been decided in several cases during the present term, on exception to the indictment, that it was not sufficient to allege in general terms that the intent was to commit a felony, or to commit theft, as in this case, but that the facts constituting the offense should be stated. There was no exception to the indictment; and appellant insists, on other grounds, that the judgment should be reversed, as shown by his motion for a new trial. Some of these grounds will now be noticed. On the trial of the case, the witness for the State testified that his house had been previously broken open and robbed, and that he believed the defendant and his wife Rachel were the guilty parties. This referred to a time previous to the occasion when it is charged that the burglary in question was committed.

The defendant excepted to the admission of this statement of the witness, and, after the conviction, moved for a new trial, assigning as one of the grounds of the motion that the verdict of the jury was contrary to the law and the evidence. The testimony of the witness on this point, as contained in the statement of facts, is not exactly the same as found in the bill of exception. In the statement of facts it is said that the witness told Sausing, who was also a witness, that his house had been broken open and robbed several times during the year, and that he suspected the defendant and his wife Rachel as being the guilty parties. It may be that the attention of the judge was more directly called to the statement in the bill of exception, and that it should be regarded as correct, rather than the other. However that may be, it is contended that the statement should have been excluded, but as it was allowed to go to the

jury, that it should have been corrected by the charge, and that the jury may have been influenced to find a verdict of guilty for some other acts than those proved by Sausing. In view of the facts of the case, we think the objection to the evidence, as it is shown by the bill of exception, should have been sustained. There are some expressions in the instructions which may have been misunderstood by the jury. For instance, it is said, "if it sufficiently appears from the testimony that the party entering the house intended to commit theft or any other felony, he would be guilty of burglary." The expression is too general for the case, and the attention of the jury should have been directed to the particular offense, as shown by the proofs. The correctness of an instruction to the jury is to be tested by its applicability to the offense when it is properly charged in the indictment and established by the evidence. In other respects the instructions are unexceptionable, and not subject to the objection that the intent with which the act was done is not sufficiently certain. There must be a breaking and entry with a felonious intent; and it is not material whether the intention to commit a felony is actually carried into effect, or only demonstrated by the attempt or some overt act, to be decided by the jury from the facts in evidence. There is nothing in this part of the charge of which the defendant has any just ground to complain. But for the error in admitting the evidence objected to, the judgment is reversed and case remanded.

REVERSED AND REMANDED.