## E. W. PHILBRICK AND W. H. SWILKEY v. THE STATE.

INDICTMENTS FOR BURGLARY WITH INTENT TO STEAL, COMMITTED SUBSEQUENT TO THE ABROGATION OF THEFT FROM A HOUSE AS A SPECIFIC OFFENSE, AND PRIOR TO NINETY DAYS AFTER THE ADJOURNMENT OF THE FIFTEENTH LEGISLATURE.—Theft of property worth less than $20 not being felony, and theft from a house having, as a felony, or specific offense, been abrogated by the act of August 21, 1876, which took effect from its approval, and the act of August 28, 1876, which (by adding the words "or theft") amended Article 764 of the Penal Code, defining burglary, not having taken ·effect until ninety days after the adjournment of the fifteenth legislature, it follows that an indictment charging that a burglary, with intent to steal, ·was committed at any date between August 21, 1876, and ninety days

subsequent to such adjournment, is fatally defective unless it alleges that the goods intended to be stolen were of the value of $20 or over.,

Appeal from the District Court of Cameron. Tried below before the Hon. E. Dougherty.

The indictment charged the date of the burglary as of October 13, 1876, and alleged no value to the property intended to be stolen.

No brief for the appellants.

George McCormick, Assistant Attorney General, for the State.

White, J.   The indictment in this case purports to charge the defendant with a burglary committed on the night of October 13, 1876.

At the date of the alleged commission of this offense the amendment to the Penal Code, approved August 28, 1876. (Gen. Laws Fifteenth Legislature, 231), had not gone into effect, the time at which it was to be of force, viz., ninety days after the adjournment of the legislature, not having elapsed.   Consequently we must test the sufficiency of the indictment by reference to the provisions of Article 724 of the Penal Code (Pasc. Dig., Art. 2359) as they existed prior to this amendment:

Article 724 reads as follows : " The offense of burglary is constituted by entering a house by force, threats, or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, with intent in either case of committing a felony." Pasc. Dig., Art. 2359.

Again : On October 13, 1876, when the burglary is alleged to have been committed, the offense of " theft from a house" had been repealed, and had ceased under our law to be an

offense, much less a felony.     See Acts Fifteenth Legislature,
233.

To constitute, at that date, theft of personal property a
felony, the property stolen or intended to be stolen, after
the burglarious entry, must have been of the value of
$20 or over.   Pasc. Dig., Art. 2394.   See, also, the case of
*Simms* v. *The State*, 1 Texas Ct. of App. 627.

Under Article 2359, as above quoted, taken in connection
with Article 2394, it follows that when, as in this case, on
October 13, 1876, it was sought to charge a party by
indictment with intending to commit a felonious theft by
means of the burglarious entry, the indictment should have
alleged that the property intended to be stolen was of the
value of $20 or over.   " To charge that defendant did take,
steal, and carry away the goods and chattels of another
from a house is not specifically charging a felony."   *West*
v. *The State*, 35 Texas, 91; *Conoly* v. *The State*, *ante*,
p. 466.

In *Wilburn* v. *The State* it was said by our supreme
court " that it was not sufficient to allege in general terms
that the intent was to commit a felony, or to commit theft,
as in this case, but that the facts constituting the offense
should be stated."   41 Texas, 237.   As the law then was,
"in charging the offense of burglary it was essential that
the indictment should state that the house was entered for
the purpose of committing a felony, and it should also be
stated that the accused intended to commit burglary and the
particular felony."   *Portwood* v. *The State*, 29 Texas, 47 ;
*The State* v. *Williams*, 41 Texas, 98.

The indictment in this case being fatally defective, the
judgment of the lower court is reversed and the case
dismissed.

*Reversed and dismissed.*