## SAMUEL BROWN *v.* THE STATE.

1. BURGLARY. — INDICTMENT for burglary must allege that the entry was effected by force, threats, or fraud, and without the free consent of the occupant, or of some one authorized to give such consent. Averment that the entry was "with force and arms" does not supply these allegations; nor, under the Code of this State, are those words necessary in the indictment.

**2. Same.** — Indictment for burglary must set forth with certainty the offence with intent to commit which the burglarious entry was effected.

**3. Special Plea — Verdict.** — When the accused has specially pleaded former conviction or acquittal, as well as not guilty, the verdict must expressly find whether the special plea is true or untrue.

Appeal from the District Court of Nueces. Tried below before the Hon. J. C. Russell.

The opinion states the matters relevant to the rulings. No statement of facts appears in the record. The appellant pleaded former conviction, but the verdict ignored the plea.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. The sufficiency of the indictment in matter of substance, or whether or not its defects were cured by the amendment properly admitted to be made at the trial, is called in question by the preliminary exceptions which were overruled, as well as by the defendant's motion in arrest of judgment, which was also overruled. The charging part of the indictment is in this language: " That one Samuel Brown, late of said county, on or about the fourth day of October, a. d. 1879, about the hour of twelve o'clock in the night-time of the same day, with force and arms, at Corpus Christi in the county of Nueces and State of Texas, the dwelling-house of one Ellen Vandervoort, there situate, did break and enter, with intent her, the said Ellen Vandervoort, violently and without her consent, then and there feloniously to rape and carnally know ; contrary," etc.

The offence here charged is that of burglary, which, as defined in art. 704 of the Penal Code, "is constituted by entering a house by force, threats, or fraud, at night, * * * with intent * * * of committing felony, or the crime of theft." The felony which the defendant is

charged to have intended to commit is rape, which, defined
in art. 528 of the Penal Code, "is the carnal knowledge of
a woman without her consent, obtained by force, threats, or
fraud." These extracts from the Code are sufficient for our
purpose, in order to determine the question as to the suffi-
ciency of the charge as set out in the indictment. The
offence with intent to commit which the indictment charges
the burglary to have been committed is a felony. The pre-
cise question to be determined is this: Does the indictment
sufficiently charge the offence of rape?

It need hardly be stated in this connection that burglary
with us is a statutory offence, or that in such case it will
ordinarily be sufficient to describe an offence in the language
of the statute which creates the offence ; or that, whilst this
is the general rule, it has its recognized exceptions. The
exceptions, on examination, will be found to require greater
rather than less particularity than the statutory definition.

Mr. Bishop, treating of the meaning of words employed
in an indictment, and the elements of the offence, says:
"Except where technical phrases are used, its terms and
expressions are to be understood in the common and popular
sense, or at least according to their plain and natural
import. And while it should set out all the matter which
by law enters into the offence, it need contain nothing more.
Suppose a crime is made more highly penal when committed
on a person of a particular class than on others, the indict-
ment need not necessarily specify the class ; yet if it does
not, only the lower degree of punishment can be inflicted."
1 Bishop's Cr. Proc., sect. 509.

With us the indispensable requisites of an indictment are
set out in art. 420 of the Code of Criminal Procedure. One
of the requisites is that the offence must be set forth in plain
and intelligible words. One defect in the indictment is that
in that portion which attempts to set out the breaking and
entry of the house it fails to charge that the entry was
effected by force, threats, or fraud, and to negative the idea

that the entry was made with the free consent of the occupant, or of one authorized to give such consent. Penal Code, art. 706. The words "with force and arms," standing in the position they do in the indictment, cannot, we are of opinion, be invoked to supply the deficiency, for the reason that they do not enter into nor form any part of the description of the offence, any more than other mere formal portions of the indictment. These words form no material part of the indictment; they were unnecessary, and were entitled to be treated as mere surplusage. Mr. Bishop classes these words, "with force and arms" as a needless and formal averment. In most of the States these words have been made unnecessary by express statutory provision. 1 Bishop's Cr. Proc., sect. 502. They are not enumerated in the Code, as being essential to the validity of an indictment. Code Cr. Proc., art. 420.

We are also of opinion that that portion of the indictment which attempts to set out the intent does not describe the offence in plain and intelligible language, with reference to the statutory definition of rape. In *Simms* v. *The State*, 2 Texas Ct. App. 110, on the authority of a number of cases there cited, it was said: "It has frequently been held that the felony or crime which the defendant intended to commit must and should be set forth with certainty and particularity in an indictment for burglary." For an indictment held sufficient for burglary with intent to commit rape, see *Burke* v. *The State*, 5 Texas Ct. App. 74.

Inasmuch as "a motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information for any substantial defect therein" (Code Cr. Proc., art. 787), we are of opinion the motion in arrest of judgment should have been sustained. There are other errors complained of in the record, one of which is apparent in that the jury by their verdict did not find whether the defendant's special plea was true or untrue. Code Cr. Proc., arts. 525, 712. The other matters pre-

sented cannot be properly considered in the absence of a statement of facts, or may not arise on a subsequent trial. For the errors above mentioned, the judgment is reversed, and the cause remanded for such other proceedings as may legally be taken in the premises.

*Reversed and remanded.*