### JOHN WEBSTER v. THE STATE.

BURGLARY — INDICTMENT for burglary with intent to commit theft is not sufficient if it charges only a general intent to steal, etc. It must charge all the constituent elements of the crime of theft. See this case in illustration.

APPEAL from the District Court of Kinney. Tried below before the Hon. T. M. PASCHAL.

The opinion states the case.

No brief for the appellant.

*W. B. Dunham*, for the State.

CLARK, J.    The indictment in this case charges appellant with a burglarious entry into a certain storehouse, "with intent then and there, and thereby, fraudulently, feloniously, and burglariously, to take, steal, and carry away the personal goods, chattels, and property of the said Jacob Franks in the said storehouse then and there being; contrary to the statute and against the peace and dignity of the State."

This does not sufficiently charge the offence of burglary. The particular felony or theft intended to be committed must be described with all its statutory ingredients, and the general term, "to take, steal, and carry away," is not, in legal accuracy, equivalent to an allegation that the defendant intended fraudulently to take corporeal personal property belonging to another from his possession without his consent, and with intent to deprive the owner of the value thereof, and to appropriate it to the taker's own use and benefit. *West* v. *The State*, 35 Texas, 90; *The State* v. *Portwood*, 29 Texas, 47; *The State* v. *Williams*, 41 Texas, 98; *Wilburn* v. *The State*, 41 Texas, 237; *White* v. *The State*, 1 Texas Ct. App. 211; *Conoly* v. *The State*, 2 Texas Ct. App. 412.

The judgment is reversed and the cause remanded.[*]

*Reversed and remanded.*