HENRY MACE *v.* THE STATE.

1. BURGLARY. — INDICTMENT which charges that the entry was made burglariously, and without the consent of the occupant, need not further charge that it was without the consent of any one authorized to give consent. The first head-note to *Brown* v. *The State*, 7 Texas Ct. App. 501, misinterprets the ruling in that case on this point.

2. SAME. — CONSENT of some authorized person other than the occupant is purely matter of defence to an indictment which negatives the consent of the occupant.

3. SAME. — CHARGE OF THE COURT. — If an indictment for burglary charged that the entry was effected in the night, an instruction for conviction in case the proof showed that it was effected in the daytime was material error if excepted to at the time, or if, though not then excepted to, it was calculated to injure the rights of the accused.

4. SAME. — But when, as in the present case, the proof clearly showed that the burglarious entry was effected in the night, as alleged, and the jury were correctly instructed on that state of case, a superfluous instruction, not applicable to any evidence, does not imply or indicate that it prejudiced the rights of the accused.

5. SAME. — If an erroneous charge was excepted to at the trial, the law requires this court to set aside the conviction without inquiry as to the effect of the charge. But if exception to the erroneous charge was primarily taken in the motion for a new trial, or in this court on appeal, a different rule obtains, and the conviction will not be disturbed because of the erroneous charge, unless it was calculated to injure the defendant's rights.

APPEAL from the District Court of Falls.   Tried below before the Hon. L. C. ALEXANDER.

The case is sufficiently stated in the opinion of the court. The jury assessed the appellant's punishment at two years in the penitentiary.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   The indictment in this case charged a burglary with intent to commit theft.   Penal Code, art. 704. That portion of the charge which is involved in the questions to which we propose to address ourselves in the consideration of the case, is in the following language, viz. : " That one Henry Mace late of said county and State aforesaid, then and there, in the night-time, and about the hour of nine o'clock at night of the day last above named, fraudulently, burglariously, feloniously, and by force, and without the consent of John N. Wharton, and without the consent of B. L. Aycock, or either of them, did then and there break and enter into a certain house then and there situated in the town of Marlin, in said State and county, the said house being then and there a building and structure erected for private use, and the same being then and there occupied and used by the said Wharton and Aycock as a law-office," etc.

This allegation is sufficient to charge the ownership, use, and possession of the house, and sufficiently negatives that the " entry " was made by the free consent of the occupants.   It is not necessary, in an indictment for burglary, to allege further that the entry was made without the consent of any one authorized to give consent, when it is expressly averred that it was done burglariously and without the consent of the occupant.   The consent of any other party than the occupant, when such other party is claimed to have authority to give consent, is purely matter of defence.   And when it is averred that the entry was made

burglariously and by force, and without the consent of the occupant, it is not necessary to further allege that the entry was effected without "the free consent of the occupant, or of one authorized to give such consent," in the language of the statute.    Penal Code, art. 706.

In asserting this rule we have not overlooked the case of *Brown* v. *The State*, 7 Texas Ct. App. 619, where the first paragraph of the head-notes lays it down as a rule that an "indictment for burglary must allege that the entry was effected by force, threats, or fraud, and without the free consent of the occupant, or of some one authorized to give consent."    An examination of that case will show that the decision did not go to that extent.    The indictment there totally failed to allege that the entry was burglarious and by force, and without the consent of the occupant, and was consequently held to be fatally defective; and this was the extent of the decision.    The indictment in the case under consideration is substantially sufficient, and the court did not err in overruling the motion to arrest the judgment.

It is contended that the court erred in the ninth subdivision of the charge, wherein the judge directly instructed the jury that they might find the defendant guilty if the burglarious entry was effected "in the daytime."    The indictment charged the entry to have been "in the night," and it is insisted that the prosecution was limited by this allegation, and that the defendant could not be convicted for any other than an entry in the night.    This position is correct, and the instruction was error.    But is the error of such a character that it invalidates the judgment?    We think not.    This instruction could be eliminated and the charge would be sufficient; it had no direct pertinency to the evidence, which showed the offence to have been committed at night, if at all.    The charge of the court was not excepted to at the time, either as to this particular instruction or generally, and the objection is raised for the first time in the motion for a new trial.

On appeal, an erroneous charge occupies a very different attitude, where it has been promptly and properly excepted to on the trial, from that of one not so excepted to. Our statutes contemplate and it is beyond doubt the proper practice, to reserve exceptions by bill to an erroneous charge at the time it is given. Code Cr. Proc., arts. 685, 686. If such exceptions are reserved, then it is the duty of this court to reverse the case for the error, without further inquiry as to the effect it may have had upon the result of the trial. But when no bill of exceptions is reserved, and it is attempted to take advantage of the error for the first time in the motion for new trial, or upon appeal, then it is not a matter of course that the error should prevail in effecting a new trial, or that in this court it should even necessarily be revised, much less require a reversal of the case. As was said by Roberts, C. J., in *Bishop* v. *The State:* " If such a charge is not excepted to at the time of trial, but presented in a motion for a new trial, which is the next point at which it could be presented, then its consideration by this court would be subject to another and a very different rule, which would be whether or not such charge was an error which, under all the circumstances as exhibited in the record, was ' calculated to injure the rights of the defendant,' and which is prescribed as one of the grounds for the granting of a motion for a new trial, in the following language : ' Where the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant.' Pasc. Dig., art. 3137 (Rev. Code Cr. Proc., art. 777) ; 23 Texas, 221, 231 ; 24 Texas, 154, 398, 399 ; 28 Texas, 495, 496. This difference in the rule, dependent upon the time when the objection to the action of the court is made, is in harmony with the rules of judicial proceedings generally, that a party who makes his objection at the proper time, which is usually the first practical opportunity, shall have his objection more favorably considered than if it had been inopportunely delayed." But again

he says: "In this court on appeal, as well as in the District Court on a motion for a new trial, a material misdirection of the law as applicable to the case, calculated to mislead the jury, would be error justifying and requiring a reversal; and a failure to give in charge to the jury the law which was required by the evidence in the case, and which failure was to the extent to be calculated to injure the rights of the defendant, would be a material error, justifying and requiring a reversal on appeal." Pasc. Dig., art. 3137; 40 Texas, 15, 203, 527; *Bishop* v. *The State*, 43 Texas, 390; *Tuller* v. *The State*, 8 Texas Ct. App. 501.

Now, in the case we are considering, the burglary was charged to have been committed in the night-time; the evidence established conclusively, and without conflict, that it was committed in the night-time; and the court sufficiently charged the law applicable to the offence as alleged and proven. As before remarked, the instruction complained of with regard to the offence, if committed in the daytime, had and could have had no pertinency to the case being tried, and it is not well perceived how it could have injuriously affected the rights of the defendant.

The evidence is amply sufficient to sustain the verdict and judgment. *Prince* v. *The State*, 44 Texas, 480. There being no material error in the record, the judgment is affirmed.

*Affirmed.*