### J. HOSKEY *v.* THE STATE.

1. INDICTMENT — CERTAINTY. — Though usually sufficient to charge an offence in the language of the statute, there are cases in which more certainty is required. All circumstances necessary to constitute the offence must be alleged, and cannot be supplied by mere argument or inference.

2. ELECTION LAW. — Indictment for keeping open a bar-room on an election-day should allege what the election was for. It is not sufficient to aver that " an election " was then and there held.

APPEAL from the County Court of Falls. Tried below before the Hon. E. C. STUART, County Judge.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. "As a general rule, it is sufficiently certain to describe an offence in the language of the act creating the offence ; but there are cases where more particularity is required, either from the obvious intention of the Legislature or from the application of known principles of law." *Portwood* v. *The State*, 29 Texas, 47. "Certainty is as to the matter charged, and the manner of charging it. The things necessary to the description of the crime must be stated. As to the matter charged, whatever circumstances are necessary to constitute the crime imputed must be set out. It is otherwise when the crime alleged is such, independently of the circumstances ; for then they aggravate, but cannot constitute the offence. As to the manner of making the averments, in all cases those which are descriptive of the crime must be introduced upon the record by averments, in opposition to argument or inference." 29 Texas, 495 ; *White* v. *The State*, 3 Texas Ct. App. 605.

And "where the subject of the indictment cannot be brought within the meaning of the statute without the aid of extrinsic evidence, it is necessary, besides charging the offence in the words of the statute, to aver such facts and circumstances as may be necessary to bring the matter within the meaning of it." *The State* v. *West*, 10 Texas, 553.

Under our statute prohibiting the keeping open barrooms on election-day (Penal Code, art. 178), it is not sufficient in an indictment to allege that an election was held on that day. It is a necessary part of the description and certainty of the offence that the character of the election, or the object and purpose for which the election was held,

should be distinctly stated and averred, in order that it may be made to appear what, if any, offence has in fact been committed.

The allegation in the indictment we are considering is as follows: "The said second day of September, A. D. 1879, being then and there the day on which an election was then and there had and held in Precinct No. 1, of said county and State, and the said precinct being then and there the voting-precinct of the said George Wells and the said Julius Hoskey; contrary," etc. This allegation was not sufficiently descriptive of the election being held.

Because the court erred in overruling defendant's motion to quash the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*