CIRIACO RODRIGUEZ ET AL. VS. THE STATE.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Burglary—Insufficient indictment for.*—An indictment for burglary must allege the particular felony intended to be committed, and such felony must be described with all its statutory ingredients.

The form prescribed for burglary by the act of twenty-sixth of March, 1881 (General Laws of Seventeenth Legislature, p. 62), is insufficient, and not such an indictment as the Constitution of the State contemplates.

Opinion by Willson, J.—The defendants were convicted of the offense of burglary. The indictment charges the burglary properly until it reaches that part charging the intent, and it proceeds then to charge the intent as follows: " And the said burglarious entry was then and there so as aforesaid, then and there made with the intent to steal."

The indictment for burglary must allege the particular felony intended to be committed, and such felony must be described with all its statutory ingredients. A general charge that the entry was with the intent to commit a felony, or that it was with the intent to commit any named felony, without describing that felony by setting forth its constituent elements, is insufficient. (State vs. Portwood, 29 Texas, 47; State vs. Williams, 41 Texas, 98; Wilburn vs. State, 41 Texas, 237; White vs. State, 1 Ct. App., 211.)

The form prescribed for this offense by the act of twenty-sixth March, 1881 (General Laws Seventeenth Legislature, p. 62), we hold to be insufficient, and not such an indictment as the Constitution of the State contemplates. For our views *in extenso* upon this question, see case of Al. Williams vs. The State, decided at present term. (See TEXAS LAW REPORTER, p. 222.) The judgment is re versed and cause dismissed.