[No. 1471.]

John Sullivan *v.* The State.

1. Burglary—Case Overruled.—Indictment for burglary which properly alleges that the accused "did break and enter" the house, need not allege the want of the owner's consent. *Brown* v. *The State*, 7 Texas Court of Appeals, in so far as it announces the contrary doctrine, is hereby overruled. See the opinion *in extenso* on the subject.

2. Same.—The code has so far extended the law of burglary as to include theft, whether felony or misdemeanor, and it is therefore unnecessary that an indictment for burglary should allege the value of the property intended to be stolen.

3. Same.—Indictment for burglary sufficiently describes the house if it defines it as a "certain house then and there occupied and controlled by" a named person.

4. Same.—Allegation in an indictment for burglary that the goods were "then and there being found" sufficiently charges that the goods intended to be stolen were in the house entered.

5. Same.—The charging part of the indictment is that the defendant "a certain house, etc., feloniously, fraudulently and burglariously did break and enter." *Held*, that the words "burglariously" and "feloniously" being

no part of the statutory definition of the offense, the word "fraudulent-ly" is the only qualifying term, and qualifies the word " enter " as well as "break." And *held further*, that such indictment is not sufficient to charge an entry "by fraud," and is sufficient only to charge an entry by force.   See the opinion *in extenso* for an elaboration of the ruling.

6. SAME—PRACTICE—EVIDENCE.—Indictment for burglary may properly charge the entry to have been effected by force, threats or fraud, or in but one of these means.   Both the evidence and the charge of the court must be confined to the means of entry properly alleged.   In this case the in-dictment was sufficient only to charge an entry by force, and, however much the evidence may have tended to prove an entry by other means, it was error to charge on such other means.

APPEAL from the Criminal District Court of Galveston.   Tried below before the Hon. G. Cook.

The indictment charged the burglary of the house of M. A. Davey.   The penalty assessed by a verdict of guilty was a term of five years in the penitentiary.   The record brings up no state-ment of facts.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, J.   The indictment charges that the defendant, feloni-ously, fraudulently and burglariously, did break and enter a cer-tain house.

Defendant moved in arrest, upon the grounds:  1. The indict-ment fails to charge that the entry was effected by force, threats or fraud.   2. It does not negative the want of the consent of the owner or occupant of the house.   3. The house is not sufficiently described.   4. There is no value charged of the goods intended to be stolen.   5. It does not allege that the goods were in the house entered.

The want of consent is sufficiently charged in the allegation that the defendant did burglariously break and enter.   Besides this, the offense of burglary is constituted by entering a house by force, threats or fraud at night, or, in like manner, by enter-ing a house during the day and remaining concealed therein until night, with the intent, in either case, of committing felony or theft; or, if in the day time, the entry is by breaking.   It will be seen from this definition of burglary that the want of consent of the owner or occupant is not contained in the enacting clause,

or clauses, which enumerate the elements of the offense. It is true that Article 706, in treating of entry, says that "the entry into a house within the meaning of Article 704 includes every kind of entry but one made by the free consent of the occupant or one authorized to give such consent." It is not necessary that there should be any act, nor breaking, to constitute the offense of burglary, except when the entry is made in the day time. This we do not think affects or modifies in the slightest the definition of burglary as contained in Articles 704 and 705. However, be this correct or incorrect, we cannot conceive it possible for a party to burglariously *break* and enter a house with intent to commit felony or theft with the consent of the owner or occupant; for, if there was consent, the felony would be eliminated. We are of the opinion that the indictment need not allege the want of consent. In so far as a contrary doctrine is intimated and held in *Brown* v. *The State*, 7 Texas Ct. App., 619, that case is overruled. (See *The State* v. *Williams*, 41 Texas, 98, and *Matthews* v. *The State*, 36 Texas, 675.)

Theft being the object of the entry, must value of the goods be alleged? Theft of property under twenty dollars being a misdemeanor in this State, allegation of value would be absolutely necessary if the Code had not extended the law of burglary so as to include all theft, whether felony or misdemeanor. We are of the opinion that it is not necessary to charge value. (Bish. Crim. Proc., 2 vol., 146.)

Was the house sufficiently described? We think so. Description: "A certain house then and there occupied and controlled by Martin A. Davey."

Does the indictment show that the goods intended to be stolen were in the house entered? We think so, "then and there being found" being in the approved form for this allegation.

Does the indictment charge that the entry was effected by *force, threats, or fraud?* If not, it is fatally defective. It charges that defendant did break and enter. Is this equivalent to an entrance by force? The rule is that the offense must be charged in the words of the statute substantially, or words which are their equivalent, or words which are more than their equivalent. An entry by breaking is not only equivalent to an entry by force, but is more than equivalent. An entry may be made by force without a breaking, but it is not possible to break and enter without resorting to force.

We have examined all of the grounds urged in support of the

motion in arrest, and are of the opinion that none of them are well taken.

A very important question, however, presents itself, which is this: Does this indictment charge an entry by fraud? If not, this judgment must be reversed. Let us look again at the charge in the indictment. That the defendant, "a certain house, etc., feloniously, fraudulently and burglariously did break and enter," etc. This being a statutory offense, burglariously and feloniously have no part or lot in this matter; hence, if sufficient, it is because of the charge, "fraudulently did break and enter;" the adverb *fraudulently* qualifying *enter* as well as *break.*

Reduced, then, to its legal proportions, the charge is that the defendant fraudulently did enter. Is this equivalent to an entry by fraud? Evidently it is not. An illustration: Theft is the fraudulent taking of property, etc. Does the allegation that defendant fraudulently took the property convey the idea that the acquisition of the property was by fraud? By no means.

What is meant in the Code when it uses the words "by fraud" as the means to effect an entrance? We prefer that Mr. Wharton should answer this question. Upon this subject that learned author says: "Thus when thieves, having intent to rob, raised the hue and cry, and brought the constable, to whom the owner opened the door, and when they came in they robbed the owner and bound the constable, this was held a burglary. So if admission be gained under pretense of business, or if one take lodgings, with a like felonious intent, and afterwards rob the landlord, or get possession of a dwelling house by false affidavit without any color of title, and then rifle the house, such entrance *being gained by fraud will be burglarious.*" (1 Wharton's Crim. Law, § 765.) [Italics ours.] In order to effect an entry by fraud, some trick, device, or false statement, in other words, fraud, must be resorted to in order to gain admission to the house.

We are of the opinion that this indictment does not charge an entry by fraud and is sufficient only because it alleges an entry by force. An entry by breaking being more than equivalent to an entry by force. While it is true that the pleader can allege an entry by *force, threats, or fraud,* or only one of the means of entrance, the State is confined to those alleged; and when of but one, to this one; and no evidence can be legally introduced to prove that which is not alleged.

This rule is not confined to the introduction of the evidence,

2 D

but extends to and controls the charge of the court. The charge must not depart from the allegation, though ever so much evidence be admitted to prove an offense, or that an offense has been committed in a certain way. If the offense is not charged, or is not charged to have been committed in such manner, though supported by evidence, the court must not instruct the jury upon such offense, or upon the offense committed in such manner.

We have held this indictment sufficient because it alleges an entry by force. The entry being charged *by force*, and not by threats or fraud, the court should have confined its charge to such entry. In the case at hand the charge of the court instructs the jury upon the law of an entrance by *fraud* only. There is no attempt to instruct the jury upon the law governing an entrance by force or breaking. This we think erroneous. It may be thought that, as there is no statement of facts, we cannot pass upon this matter. We do not so believe; for no statement of facts can justify the court in abandoning the allegation in the indictment and charging upon one not supported by allegation.

For the error above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 14, 1883.