## GEORGE REED vs. THE STATE.

SUPREME COURT, TYLER TERM, 1883.

*Burglary—Indictment.*—It is not essential to the sufficiency of an indictment for burglary that the entry should be charged to have been made "feloniously" or "burglariously." See the opinion *in extenso* for the principle discussed.

*Same.*—It is not necessary that an indictment for burglary, having negatived the consent of the occupant, should allege that the entry was made without the consent of any one authorized to give consent. The consent of any other party than the occupant, when such other party is claimed to have authority to give consent, is purely a matter of defense. See the opinion *in extenso* on the question.

*Same.*—The mere entry of a house without an intent to commit a felony or the crime of theft, or without their commission after entry, is not burglary. Hence, it is necessary in order to charge the offense of burglary, that an indictment should describe the particular felony or theft intended to be committed with all its statutory ingredients. Wherefore an indictment for burglary to commit theft of certain property, which fails to charge the taking, or the intent to take the property, from the possession of the alleged injured party, or from the possession of some one holding it for him, is bad.

Appeal from Travis County.

*D. H. Hewlett and Smith & Trigg* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Opinion by White, P. J.

Omitting the formal parts, it is alleged in the indictment "that George Reed, in said county and state, on the 2nd day of February in the year of Our Lord, eighteen hundred and eighty-three, did then and there unlawfully in the night time by force, break and enter a house then and there used and occupied by S. Simon as a saloon, without the consent of said Simon, with the unlawful and fraudulent intent, then and there, on the part of him the said Reed, to take and carry away from and out of said house, one hundred and twenty-five dollars, in good and lawful current money of the United States of America, of the value of one hundred and twenty-five dollars, a part of said money being currency paper money, and a part silver money (a more particular or definite description of said money being unknown to the grand jury) the property of said Simon, without the consent of said Simon and with the fraudulent intent then and there on the part of him, the said Reed, to deprive said owner of the value of said property, and to appropriate the same to his, the said Reed's, own use and benefit, against the peace and dignity of the state."

A motion to quash the indictment was made, based upon two grounds. First. It does not allege the entry to have been made without the free consent of any one besides the occupant authorized to give such consent. Second. It does not allege that the money, the intent to steal which the entry is charged to have been made, was in the possession of any one, and that it was the intent of the defendant to take such money from the possession of any one without his consent. It therefore does not charge an intent to commit theft.

In the motion in arrest of judgment another ground urged to the sufficiency of the indictment is that "it fails to allege that defendant feloniously made an entrance in said house," and in the brief of counsel for appellant it is contended that "to charge the offense for burglary the indictment must allege that the entrance that the entrance and breaking was burglariously and feloniously committed.

Let us examine the last objections first.

Mr. Bishop says : "The criminal act must be charged as done both "feloniously" and "burglariously" terms of art for which there are no substitutes." But he says : "There are statutes under which neither "burglariously" nor "feloniously" is regarded, but generally both are essential to the statutory indictment, the same as at common law. 2 Bish. Cr. Law 3 Ed. Secs. 129, 130.

Before the adoption of our codes it was held in our own state that the word "feloniously" was essential to all indictments for felony, whether at common or statutory law. Cain vs. State,18 Texas 387. It is now however expressly provided by statute that in an indictment for a felony it is not necessary to use the words "felonious" or "feloniously." Code Crim. Proc. Art. 428. And even before this provision was incorporated into the code, it has been held that under its provisions it was not indispensable to the validity of an indictment that the word "feloniously" should be used, even for a capital felony. Calvin vs. State, 25 Tex. 789.

It was said in that case : "We think that the whole spirit of our codes authorized the courts to dispose with what the books call 'terms of art' in the description of offenses in indictments,and also in every part of the indictment, and that even so distinguished a word as 'feloniously' is no longer to be considered as a *sine qua non* in the administration of justice in this state."

Like "feloniously" the word "burglariously" is but a term of art

which, under our statutes is not indispensable to the validity of an indictment for burglary, notwithstanding Mr. Wharton says that the offense of burglary cannot be expressed by any other word or circumvention.    Wharton's Cr. L. (8 Ed) Sec. 814.

Under our statute "the offense of burglary is constituted by entering a house by force, threats or frauds at night, or in like manner by entering a house during the day,and remaining concealed therein until night with the intent in either case of committing felony or the crime of theft."    Penal Code Art. 704.

It seems to us that the acts constituting this offense can be expressed and charged "in plain and intelligible words" without using the word "burglariously" and with sufficent certainty to enable the accused to plead the judgment that may be given upon the indictment in bar of any prosecution for the same offense.    Code Crim. Proc. Art. 422.

This identical question came before the supreme court of Iowa in the State vs. Short, 54 Iowa 392,when the indictment failed to charge that the breaking and entry was "burglarious," and it was said : "The statute under which the indictment was found provided, 'if any person break and enter any dwelling house in the night time with intent to commit a public offense, he shall be deemed guilty of burglary.'    Code Sec. 3891.    The breaking and entering with the required intent constitutes the statutory crime.    This is clearly charged and the defendant is deemed guilty of burglary because the statute so provides.    The material thing is the intent with which the breaking is done.    This is sufficiently stated in the indictment."

In Sullivan vs. State, 13 Tex. Ct. App. 462 it is said : "This (burglary) being a statutory offense, burglariously and feloniously have nopart or lot in the matter."    In substance and effect the same thing had been previously decided in Robertson vs. State, 32 Texas 159.    The question is no longer an open one in this state.

As to the objection that the indictment does not allege that entry was made without the free consent of any one besides the occupant authorized to give consent, it was held in Mace vs. State, 9 Tex. Ct. App. 110, that it was "not necessary in an indictment for burglary to allege further (after negativing the consent of the occupant) that the entry was made without the consent of any one authorized to give consent   *   *   *   the consent of any other party than the occupant when such other party is claimed to have authority to give con-

sent is purely matter of defense." In Williams vs. State, 41 Tex. 99, it was held that "it was not even necessary in an indictment of this character to allege the want of consent on the part of the owner or occupant of a house burglariously entered. The charge of an entry with force and with a felonious intent negatives the presumption of consent by the owner or occupant." In Sullivan's case *supra*, it is said : We cannot conceive it possible for a party to burglariously break or enter a house with intent to commit felony or theft with the consent of the owner or occupant; for if there consent the felony eliminated. We are of the opinion that the verdict must not allege want of consent. Insofar as a contradictory doctrine is intimated and held in Brown vs. State, 7 Tex. Ct. App. 619, that case is over-ruled. See also Summers vs. State, 9 Ct. App. 396 where the same rule is announced·

A more serious question is presented in the last objection we propose to notice, which is that the indictment fails to allege that the property or money was intended to be or was taken from the possesson of any one. It is alleged that the house broken and entered was used and occpied by Simon; that the entry was to take, and carry away the money from and out of the house, and that it (the money) was the property of said Simon, but it is nowhere averred that the money, though belonging to Simon, and in a house under his use and control, was in his possession. Was this necessary, or can it be inferred ? This brings us directly to the question whether in burglary it is essential that the indictment should set out, with the same particularity, the elements or ingredients of the intended felony or theft as would be required in a separate prosecution for felony or theft independent of its connection with a burglary ?

This is not a new or unsettled question in our state. In Rodrigues vs. State, 12 Tex. Ct. App. 552, and also in Webster vs. State, 9 Tex. Ct. App. 75 it is tersely declared that the particular felony or theft intended to be committed must be described with all its statutory ingredients," and an array of authorities is cited in support of the proposition. And this is reasonable, because the offense of burglary is a compound one, depending as much upon the unlawful or fraudulent breaking and entry. In fact without the intent to commit a felony or the theft, or without their commission after entry (P. C. Art. 712), the mere fact of entry, however great the trespass, is not burglary. State vs. Williams, 41 Tex. 98.

If then a distinct theft or felony is essential, then a theft or felony must be shown such as our statute describes or defines, otherwise the superstructure of burglary rests upon an imperfect or defective foundation and cannot stand.

Now to make the application. It is claimed that an indictment for the crime of theft under our statute would be fatally defective which did not allege that the property stolen was taken "from the possession of another, or from the possession of some person holding the same for him." Ple. Art. 724. That is one of the essential elements of theft. If a statutory element of theft *per se*, then it is no less an element or requisite of that theft when it is sought to make it the basis of burglary. Moreover in burglary that fact is essential to be proven as in a prosecution for theft alone, and the rule is that, "everything should be stated in an indictment which it is necessary to prove." C. C. P. Art. 421.

Under the indictment before us the money may, as is alleged, have been the property of Simon, and in a house under his control, and yet not in his possession. If not, then whose? This the indictment does not inform us, and as to this important element necessary to the existence of the crime, we are left wholy to inference and conjecture. There may perhaps be found some in the reports where such indictments have been upheld from inadvertence, or because the point was not called to the attention of the court. Such pleadings cannot now be sustained where it is required that the defendant shall be fully advised of the nature and cause of the accusation against him, and of all the acts and omissions essential to constitute the offense of which he is accused. Williams vs. State, 12 Ct. App. 395.

Our attention has been called to Lawson's case, 13 Texas Ct. App. 264, wherein the indictment was held good for burglary. In that case if it is explicitly alleged that the money to steal which was the object of the burglarious entry, belonged to Coleman and was in his possession, and we are still of the opinion that in this regard the indictment in that case was substantially sufficient. Here the possession of the property is not alleged to have been in any one.

We are of the opinion that the indictment is fatally defective, wherefore the judgment is reversed and the prosecution under this indictment is dismissed.