### THE STATE v. ROBERT WILLIAMS.

1. BURGLARY.—It is not necessary that an indictment for burglary should charge the want of consent on the part of the owner or occupant of the house alleged to have been burglariously entered, if it alleges the entry to have been with force, and the felonious intent be sufficiently charged.

2. BURGLARY.—Where one is charged in an indictment with unlawfully breaking into a dwelling-house at night, with the felonious intent to commit a rape on A B, it is not necessary to charge that A B was a woman.

3. BURGLARY—RAPE.—An indictment charging defendant with forcibly and unlawfully breaking into and entering a dwelling-house at night, "with intent then and there to commit the crime of rape," does not sufficiently charge an offense. It should charge the intent to commit the specific act, and under the circumstances defined by the statute (Pas. Dig., art. 2184) necessary to constitute the offense of rape.

APPEAL from Karnes.

No briefs on file.

The charging portion of the indictment is set forth in the opinion.

DEVINE, ASSOCIATE JUSTICE.—The defendant was indicted in the District Court of Karnes county. The indictment charged that the defendant, "during the night-time, * * in the county of Karnes, between the hours of thirty minutes after sunset, on the 27th day of December, and thirty

minutes before sunrise of the 28th day of December, in the year of our Lord one thousand eight hundred and seventy-two, did unlawfully and with force break and enter a certain dwelling-house in the possession, and then and there the property of Rachel Pullin, with the unlawful and felonious intent of then and there to commit the crime of rape upon the person of her, the said Rachel Pullin, * * * and that he, the said Robert Williams, having entered said dwelling-house as aforesaid, with force as aforesaid, with the felonious intent as aforesaid, to commit it, the crime of rape, he, the said Robert Williams, did then and there willfully and feloniously commit the crime of burglary, contrary to law, and against the peace and dignity of the State."

The defendant moved to quash the indictment, because it charged no offense known to the laws; that the offense was not set forth in plain and intelligible words; that the indictment did not allege that the entry into the house was made without the consent of the owner, and it did not allege that the person assaulted was a woman.

The court sustained the motion to quash, and discharged the accused. The district attorney appealed, and the question for the consideration of this court is, simply, did the district judge err in sustaining defendant's motion?

We are of opinion that the indictment was not open to either of the two last exceptions taken to it by defendant's motion. It is not necessary, in an indictment of this character, to allege the want of consent on the part of the owner or occupant of a house burglariously entered. The charge of an entry with force, and with a felonious intent, negatives the presumption of consent by the owner or occupant. No such expression is found in any of the forms of indictments for burglary, either coupled with the commission of a felony or with the intent to commit a felony, (see Wharton's Precedents of Indictments and Pleas,) with reference either to the felony or intent to commit one, (page

378, articles 377, 381, 382, 383, 387, and the forms of indictments in Massachusetts, New York, Ohio, and other States.) Neither is it requisite to allege that the person assaulted or intended to be ravished by the accused was a woman. In North Carolina (see State v. Goings, *alias* Terrey, 4 Dev. & Bat. Rep., 152,) the court said, in their examination of several books of practice in criminal cases, they were unable to find the word woman (or women) or child in any part of the forms given by these authors. The court further said: "When we read the sentence in the indictment, and arrive at the personal pronoun *her*, it seems to us sufficiently certain that the person mentioned as abused is no other than a female. This pronoun *her* agrees grammatically with its antecedent, Mary M. Cook, (as in this, Rachel Pullin,) in gender, number, and person." In State v. Farmer, (4 Ired., N. C. Rep., 225,) one of the exceptions taken to the indictment was, that it omitted to charge that Mary Ann Taylor, the person alleged to have been ravished, was a female. The court referred to the case of State v. Goings or Terrey and citing it with approbation, declared " that the word *her*, used in the indictment, disclosed with sufficient certainty that the person stated therein to have been ravished was a female."

The indictment is, however, defective in this: that while it charged an unlawful entry into the dwelling-house of Rachel Pullin, it failed to charge that such unlawful entry in the night-time was with the felonious intent to commit such a crime as would make the unlawful entry of the accused a burglary. The indictment was intended so to charge, but its averments fall short of the intentions of its framer. While it charges the accused with having entered the premises with the felonious intent to commit the crime of rape upon the person of Rachel Pullin, it fails to describe the offense intended to be committed. The mere word "rape" is insufficient to describe it. This offense (Pas.

Dig., art. 2184) is defined as follows: "Rape is the carnal knowledge of a woman, without her consent, obtained by force, threats, or fraud; or the carnal knowledge of a female under the age of ten years, with or without consent, and with or without the use of force, threats, or fraud." The indictment, tested by the code in its definition of this offense, is defective, and could not sustain a verdict of guilty, owing to its failing to state the offense as set forth in art. 2184, or so much of the same as might properly have application to the particular offense for which Williams was indicted.

This proposition is sufficiently clear, when it is considered that in this case the defendant was charged with the crime of burglary—entering the dwelling-house of Rachel Pullin by force in the night time. The mere entry into a house by force in the night time, however great the trespass, and however great the risk of personal injury or danger to the intruder may be, is nevertheless nothing more than a misdemeanor. To constitute the act (burglary) there must be some evidence of a felony being committed, or some facts evidencing an intent to commit a felony, which act or intention, being coupled with the unlawful entrance, constitute the crime of burglary. No such attempt to commit a felony is charged in this indictment. There is no averment that defendant entered the house of Rachel Pullin with the intent her, the said Rachel Pullin, to ravish, or carnally know, and to have carnal knowledge of her, without her consent, obtained by force, threats, or fraud. The indictment being so defective, the court did not err in sustaining the motion to quash.

The judgment is affirmed.

AFFIRMED.