## LEWIS WHITE *v.* THE STATE.

1. BURGLARY—INDICTMENT.—After alleging time and place, the indictment charged that the accused "did then and there unlawfully, feloniously, and burglariously, in the night-time of said day, between the hours of nine o'clock and two o'clock of the same night, by force and fraud, enter into the store-house then and there belonging to and occupied by E. S., with the intent on the part of said W. then and there to commit a felony, to wit, 'theft from a house,' against the peace," etc. *Held,* that the indictment is fatally defective, because it fails to charge an intent to commit the specific act under the circumstances defined by the statute as necessary to constitute the offense.

2. CRIMINAL LAW.—A party cannot commit burglary and theft from a house at the same time and by the same acts.

3. PRACTICE IN THIS COURT.—When it clearly appears from the record that the accused has been convicted on an indictment which is defective in substance, the conviction will be set aside by this court, notwithstanding

that no exception was taken to the indictment in the court below, nor in the assignment of errors.

APPEAL from the District Court of Travis. Tried below before the Hon. J. P. RICHARDSON.

*Cullen & Denton* and *Walton, Green & Hill*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

ECTOR, Presiding Judge. The appellant, Lewis White, was indicted for burglary, in the district court of Travis county, on the 10th day of June, 1875. The jury found the defendant guilty, and assessed his punishment at two years' confinement in the penitentiary. The charging part of the indictment is as follows: " That Lewis White, in said county and state, on the second day of June, in the year of our Lord eighteen hundred and seventy-five, did then and there unlawfully, feloniously, and burglariously, in the night-time of said day, between the hours of nine o'clock at night and two o'clock of same night, by force and fraud, break and enter into the store-house then and there belonging to and occupied by Ed. Summerrow, with the intent on the part of said White then and there to commit a felony, to wit, 'theft from a house,' against the peace and dignity of the state."

The grounds relied on by the appellant for a reversal of the judgment are:

" 1st. That the verdict of the jury is contrary to the law and the evidence.

" 2d. Because the verdict of the jury is not supported by the evidence.

" 3d. Because the rulings of the court were contrary to law.

" 4th. Because the charge of the court is contrary to the law and the evidence.

" 5th. Because the indictment is not sufficient to charge the appellant with burglary."

We do not propose to notice particularly, in this opinion, any of the errors assigned except the last one.

An indictment charging a defendant with unlawfully, feloniously, burglariously, forcibly, and fraudulently, in the night-time, breaking and entering into a store-house (or dwelling-house), with the intent then and there to commit the offense of "theft from a house," does not sufficiently charge an offense. It should charge the intent to commit the specific act under the circumstances defined by the statute (Art. 2381, Pasc. Dig.) as necessary to constitute the offense. A party cannot commit burglary and theft from a house at the same time. Theft from a house is defined as follows :

" If any person shall steal property from a house, in such manner as that the offense does not come within the definition of burglary, he shall be punished by confinement in the penitentiary not less than two nor more than seven years." Pasc. Dig., Art. 2408.

A party may enter a house by force, threats, or fraud, at night, with the intent to commit theft (but not theft from a house), as must be seen from the Article above given ; and it will not be sufficient to charge in the indictment that he entered the house with the intent to commit a theft, but the theft must be set out with sufficient certainty.

In the case of *The State* v. *Robert Williams*, 41 Texas, 98, the defendant was indicted for burglary. The indictment charged that the defendant, during the night-time, "did unlawfully and with force enter a certain dwelling-house, in the possession, and then and there the property, of Rachel Pullin, with the unlawful and felonious intent of then and there to commit the crime of rape upon the person of the said Rachel Pullin." * * * Our supreme court, in passing upon the sufficiency of the indictment, say :

" The indictment is defective in this, that while it charged an unlawful entry into the dwelling-house of Rachel Pullin,. it failed to charge that such unlawful entry, in the night-time, was with the felonious intent to commit such a crime as would make the unlawful entry of the accused a burglary.. The indictment was intended so to charge, but its averments. fall short of the intention of its framers. While it charged the accused with the felonious intent to commit the crime of rape upon the person of Rachel Pullin, it fails to describe the offense intended to be committed. The mere word 'rape' is insufficient to describe it. This offense (Pasc. Dig., Art. 2184) is defined as follows : 'Rape is the carnal knowledge of a woman, without her consent, obtained by force, threats, or fraud ; or the carnal knowledge of a female under the age of ten years, with or without consent, and with or without the use of force, threats, or fraud.' The indictment, tested by the Code in its definition of this offense, is. defective, and could not sustain a verdict of guilty, owing to its failing to state the offense set forth in Article 2184, or so much of the same as might properly have application to the particular offense for which Williams was indicted.

" This proposition is sufficiently clear when it is considered that in this case the defendant was charged with the crime of burglary in entering the dwelling-house of Rachel Pullin by force, in the night-time. The mere entry into a house by force, in the night-time, however great the trespass, and however great the risk of personal injury or danger to the intruder may be, is nevertheless nothing more than a misdemeanor. To constitute the act (burglary) there must be some evidence of a felony being committed, or some facts. evidencing an attempt to commit a felony, which act or intention, being coupled with the unlawful entrance, con-stitute the crime of burglary. No such attempt to commit a felony is charged in this indictment. There is no aver-ment that defendant entered the house of Rachel Pullin

with the intent her, the said Rachel Pullin, to ravish or carnally know, and to have carnal knowledge of her, without her consent, obtained by force, threats, or fraud. The indictment being so defective, the court did not err in sustaining the motion to quash the same." We have copied so extensively from the above opinion because we believe it is conclusive of the case now before this court. See, also, Wharton's Precedents for the form of such an indictment, p. 387.

No objection was raised to the indictment in the court below, and it is made for the first time by the appellant in this court. As the objection goes to the substance of the indictment, it is not too late. Whatever is essential to the gravamen of the indictment must be set out particularly, and whenever it clearly appears in the record that the defendant has been convicted on an indictment that is clearly defective in substance, although, as in the present case, neither exception, motion, nor assignment of error is presented on behalf of appellant, it will be held insufficient to support a conviction. The judgment is reversed and cause dismissed.

*Reversed and dismissed.*