[No. 1494.]

George Reed v. The State.

1. Burglary—Indictment.—It is not essential to the sufficiency of an indictment for burglary that the entry should be charged to have been made "feloniously" or "burglariously." See the opinion *in extenso*, for the principle discussed.

2. Same.—It is not necessary that an indictment for burglary should allege (after negativing the consent of the occupant) that the entry was made without the consent of any one authorized to give consent. The consent of any other party than the occupant, when such other party is claimed to have authority to give consent, is purely matter of defense.

3. Same.—The mere entry of a house without an intent to commit a felony or the crime of theft, or without the commission of such offense after entry, is not burglary. Hence it is necessary, in order to charge the offense of burglary, that an indictment should describe the particular felony or theft intended to be committed, with all its statutory ingredients. Wherefore an indictment for burglary to commit theft of certain property, which fails to charge the taking, or the intent to take, the property from the possession of the alleged injured party, or from the possession of some one holding it for him, is bad. See the opinion *in extenso* on the question

Appeal from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The indictment charged the burglary of the business house of S. Simon, in the city of Austin, Texas, on the second day of February, 1883. The verdict of guilty assessed the punishment at confinement in the penitentiary for the term of five years.

The record brings up no statement of facts.

The motion for new trial assailed the charge of the court, and denounced the verdict as unsupported by the evidence. The motion in arrest of judgment raised the questions passed upon in the opinion of the court.

*D. H. Hewlett* and *Smith & Trigg*, for the appellant: To charge the offence of burglary, the indictment must allege that the entrance and breaking was "burglariously" and "feloniously" committed. The indictment employs the word "unlawfully," alone. It is submitted that one might unlawfully, in the night

time, by force, break and enter into a house, and with a fraudulent intent, and yet not commit the offense of burglary, nor intend to commit that offense by the unlawful "breaking and entry." (Whart. Crim. Law, 814; *Wilburn* v. *The State*, 41 Texas, 237; 2 Archbold's Crim. Pr. and Pl., 328, 329; 9 Texas Ct. App., 112; 7 Texas Ct. App., 622.)

The offense intended to be committed by the felonious entry must be set forth and defined with particularity. The indictment fails to allege the "fraudulent" taking. It does not declare that the defendant intended to "fraudulently" take any property. Again, the indictment fails to allege that the defendant took the property from the *possession* of any one, or intended to take from the *possession* of any one. The allegation of the caption and asportation from the possession of any one is wholly wanting.

To constitute theft, there must be a "*fraudulent*" taking. To constitute theft, the property must be taken from the possession of the owner, or of some one holding the same for him. Without the allegations discussed no proof showing a fraudulent taking could be introduced. No proof showing that the property was in the possession, and was taken from the possession of any one, could be introduced, for the predicate for the proof is wanting, the predicate for the instruction of the court on this point is wanting, and the predicate for the verdict and judgment is wanting. (*Sims* v. *The State*, 2 Texas Ct. App., 114, and authorities cited; Wharton's Crim. Pr. and Pl., foot page 179, sec. 265; *Conoly* v. *The State*, 2 Texas Ct. App., 418; *Brown* v. *The State*, 7 Texas Ct. App., 622.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Omitting the formal parts, it is alleged in the indictment "that George Reed, in said county and State, on the second day of February, in the year of our Lord eighteen hundred and eighty-three, did then and there unlawfully, in the night time, by force, break and enter a house then and there used and occupied by S. Simon, as a saloon, without the consent of said Simon, with the unlawful and fraudulent intent then and there, on the part of him, the said Reed, to take, steal and carry away from and out of said house one hundred and twenty-five dollars in good and lawful current money of the United States of America, of the value of one hundred

and twenty-five dollars, a part of said money being currency paper money, and a part silver money (a more particular or definite description of said money being unknown to the grand jury), the property of said Simon, without the consent of said Simon, and with the fraudulent intent then and there, on the part of him the said Reed, to deprive said owner of the value of said property and to appropriate the same to his, the said Reed's, own use and benefit; against the peace and dignity of the State."

A motion to quash the indictment was made, based upon two grounds: "1. It does not allege the entry to have been made without the free consent of any one besides the occupant authorized to give such consent.

"2. It does not allege that the money, with the intent to steal which the entry is charged to have been made, was in the possession of any one, and that it was the intent of the defendant to take such money from the possession of any one without his consent. It, therefore, does not charge an intent to commit theft."

In the motion in arrest of judgment another ground urged to the sufficiency of the indictment is that "it fails to allege that defendant 'feloniously' made an entrance in said house;" and in the brief of counsel for appellant it is contended that "to charge the offense of burglary the indictment must allege that the entrance and breaking was 'burglariously' and 'feloniously' committed."

Let us examine these last objections first. Mr. Bishop says: "The criminal act must be charged as done both 'feloniously' and 'burglariously'—terms of art for which there are no substitutes." But he says: "There are statutes under which neither 'burglariously' nor 'feloniously' is required, but generally both are essential to the statutory indictment, the same as at common law." (2 Bish. Crim. Proc., 3 ed., secs. 129, 130.)

Before the adoption of our Codes it was held in our own State that the word "feloniously" was essential to all indictments for felony, whether at common law or statutory. (*Cain* v. *The State*, 18 Texas, 387.) It is now, however, expressly provided by statute that in an indictment for a felony it is not necessary to use the words "felonious" or "feloniously." (Code Crim. Proc., Art. 428.) And even before this provision was incorporated into the Code it had been held that under its provisions it was not indispensable to the validity of an indictment

that the word "feloniously" should be used, even for a capital felony. (*Calvin* v. *The State*, 25 Texas, 789.) It was said in that case: "We think that the whole spirit of our Codes authorize the courts to dispense with what the books call 'terms of art,' in the description of offenses in indictments, and also in every part of the indictment; and that even so distinguished a word as 'feloniously' is no longer to be considered as a *sine qua non* in the administration of justice in this State."

Like "feloniously," the word "burglariously" is but a "term of art" which, under our statute, is not indispensable to the validity of an indictment for burglary, notwithstanding Mr. Wharton says that the offense of burglary "cannot be expressed by any other word or circumlocution." (1 Whart. Crim. Law, 8 ed., sec. 814.)

Under our statute "the offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, with the intent in either case of committing felony, or the crime of theft." (Penal Code, Art. 704.) It seems to us that the acts constituting this offense can be expressed and charged "in plain and intelligible words" without using the word "burglariously," and with sufficient certainty to enable the accused to plead the judgment that may be given upon the indictment in bar of any prosecution for the same offense. (Code Crim. Proc., Art. 422.)

This identical question came before the Supreme Court of Iowa in *The State* v. *Short*, 54 Iowa, 392, where the indictment failed to charge that the breaking and entry were "burglarious," and it was said: "The statute under which the indictment was found provides: 'If any person break and enter any dwelling house in the night time with intent to commit a public offense, he shall be deemed guilty of burglary.' (Code, sec. 3891.) The breaking and entering with the required intent constitutes the statutory crime. This is clearly charged, and the defendant is deemed guilty of burglary because the statute so provides. The material thing is the intent with which the breaking is done. This is sufficiently stated in the indictment."

In *Sullivan* v. *The State* (13 Texas Ct. App., 462), it is said: "This (burglary) being a statutory offense, 'burglariously' and 'feloniously' have no part or lot in the matter;" and in substance and effect the same thing had been previously decided in *Rob-*

*ertson* v. *The Slate,* 32 Texas, 159. The question is no longer an open one in this State.

As to the objection that the indictment does not allege that the entry was made without the free consent of any one besides the occupant authorized to give consent, it was held in *Mace* v. *The State,* 9 Texas Court of Appeals, 110, that it was "not necessary in an indictment for burglary to allege further (after negativing the consent of the occupant), that the entry was made without the consent of any one authorized to give consent. * * * The consent of any other party than the occupant, where such other party is claimed to have authority to give consent, is purely matter of defense." In *Williams* v. *The State,* 41 Texas, 99, it was held that "it was not even necessary, in an indictment of this character, to allege the want of consent on the part of the owner or occupant of a house burglariously entered. The charge of an entry with force and with a felonious intent, negatives the presumption of consent by the owner or occupant." In Sullivan's case, 13 Texas Court of Appeals, *supra,* it is said: "We cannot conceive it possible for a party to burglariously break or enter a house with intent to commit felony or theft, with the consent of the owner or occupant; for if there was consent the felony would be eliminated. We are of opinion that the indictment need not allege want of consent. In so far as a contradictory doctrine is intimated and held in *Brown* v. *The State,* 7 Texas Court of Appeals, 619, that case is overruled." See, also, *Summers* v. *The State,* 9 Texas Court of Appeals, 396, where the same rule is announced.

A more serious question is presented in the last objection we propose to notice, which is that the indictment fails to allege that the property or money was intended to be or was *taken from the possession of any one.* It is alleged that the house broken and entered was used and occupied by S. Simon; that the entry was to take, steal and carry the money away from and out of the house, and that it (the money) was the property of said Simon; but it is nowhere averred that the money, though belonging to Simon and in a house under his use and control, was in his possession. Was this necessary, or can it be inferred? This brings us directly to the question whether in burglary it is essential that the indictment should set out with the same particularity the elements or ingredients of the intended felony or theft as would be required in a separate prosecution for such felony or theft, independent of its connection with a burglary?

This is not a new or even unsettled question in our State. In *Rodrigues* v. *The State*, 12 Texas Court of Appeals, 552, and also in *Webster* v. *The State*, 9 Texas court of Appeals, 75, it is tersely declared that "the particular felony or theft intended to be committed must be described with all its statutory ingredients," and an array of authorities is cited in support of the proposition. And this is but reasonable, because the offense of burglary is a compound one, depending as much upon the felony or theft intended to be committed as upon the unlawful or fraudulent breaking and entry. In fact, without the intent to commit a felony or the crime of theft, or without their commission after entry (Penal Code, Art. 712), the mere fact of entry, however great the trespass, is not burglary. (*State* v. *Williams*, 41 Texas, 98.) If, then, a distinct theft or felony is essential, then a theft or felony must be shown, such as our statute describes or defines; otherwise the superstructure of burglary rests upon an imperfect or defective foundation, and cannot stand.

Now to make the application. It is clear that an indictment for the crime of theft under our statute would be fatally defective which did not allege that the property stolen was taken "from the possession of another, or from the possession of some person holding the same for him." (Penal Code, Art. 724.) That is one of the essential elements of theft. If a statutory element of theft *per se*, then it is no less an element or requisite of that theft when it is sought to make it the basis of burglary. Moreover, in burglary that fact is as essential to be proven as in a prosecution for theft alone, and the rule is that "everything should be stated in an indictment which it is necessary to prove." (Code Crim. Proc., Art. 421.)

Under the indictment before us the money may, as is alleged, have been the property of Simon and in a house under his control, and yet not in his possession. If not, then in whose? This the indictment does not inform us, and as to this important element necessary to the existence of the crime we are left wholly to inference and conjecture. There may, perhaps, be found some precedents in the reports where such indictments have been upheld from inadvertence or because the point was not called to the attention of the court. Such pleading cannot now be sustained where it is required that the defendant shall be fully advised of the nature and cause of the accusation against him, and of all the acts or omissions essential to constitute the

offense of which he is accused. (*Williams v. The State,* 12 Texas Ct. App., 395.)

Our attention has been called to Lawson's case, 13 Texas Court of Appeals, 264, wherein the indictment was held good for burglary. In that case it is explicitly alleged that the money, to steal which was the object of the burglarious entry, belonged to Coleman and was in his possession, and we are still of opinion that in this regard the indictment in that case was substantially sufficient. Here the possession of the property is not alleged to have been in any one. We are of opinion the indictment is fatally defective, wherefore the judgment is reversed and the prosecution under this indictment is dismissed.

*Reversed and dismissed.*

Opinion delivered October 31, 1883.