[No. 1602.]

## J. L. Hewitt v. The State.

1. Assault with intent to commit Rape.—Indictment for assault with intent to commit rape must allege the essential elements of the intended offense, and among them the intended means whereby the rape was to be accomplished, to-wit, force, threats or fraud.

2. Same.—Allegation that the accused "did ravish" has been held to imply force and violence as well as want of the female's consent, but those implications cannot be deduced from an allegation that he "did rape."

Appeal from the District Court of Baylor. Tried below before the Hon. B. F. Williams.

The opinion sets out the charging part of the indictment, which attempted to charge the appellant with an assault with intent to commit a rape upon Ellen Bauckmann.

A term of three years in the penitentiary was the penalty assessed against the appellant.

*Browning & Newton,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Hurt, Judge. This conviction was for an assault with intent to rape.

The charging part of the indictment is that the defendant Hewitt, "with force and arms   *   *   *   did then and there, in and upon the body of Ellen Bauckmann,   *   *   * an assault make, and her, the said Ellen Bauckmann, then and there did wound and illtreat, with the intent then and there the

said Ellen Bauckmann, against her will and without her consent, then and there feloniously to rape and carnally know."

This indictment is defective in this, that it fails to describe the offense, to-wit, *rape*, intended to be committed. The use of the word "rape" is not sufficient; all of the elements of the intended offense must be charged.

Rape is the carnal knowledge of a woman without her consent, obtained by *force, threats,* or *fraud;* hence the indictment must allege that the assault was made with the intent to have carnal knowledge of the party assaulted, without or against her consent, with or by *force, threats,* or *fraud.* The intended means to effect the rape must be charged. This is not done in the indictment before us. (*The State* v. *Williams,* 41 Texas, 98.)

In *Davis* v. *The State,* it is held that by the charge "did ravish," force and violence by the man, and want of consent by the woman, are implied; but it has never been held, to our knowledge, that these implications or inferences could be made from the charge that defendant "*did rape,*" etc. (*Davis* v. *The State,* 42 Texas, 226.)

Rape being the conclusion of law from the allegation of all of the constituent acts, to allege an assault with intent to rape, or that defendant did rape, without setting forth all of the elements of the offense, would be simply to charge that defendant committed a certain *named offense.*

Again, if the *intended means* to be used, or resorted to, by a party to accomplish the rape can be omitted, any or all of the other acts or elements may be; and the conclusion would be inevitable that an indictment simply charging rape, or an assault with intent to rape, would be sufficient.

We are of the opinion that the indictment is defective, and that the judgment must be reversed and the prosecution dismissed.

*Reversed and dismissed.*