## J. L. HEWITT vs. THE STATE.

COURT OF APPEALS, TYLER TERM, 1883.

*Assault with intent to commit rape.* An indictment for assault with intent to commit rape must allege the essential elements of the intended offense, and among them the intended means whereby the rape was to be accomplished, to wit : force, threats, or fraud. Though the allegation that the accused "did ravish" has been held to imply force and violence, and also to imply want of the female's consent, the same implications cannot be deduced from an allegation that he "did rape," etc.

Appeal from Baylor County.

*Browning & Newton* for the appellant.

*J. H. Burts,* Assistant Attorney General, for The State.

Tried below before the Hon. B. F. Williams.

STATEMENT.

A term of three years in the penitentiary was the penalty adjudged against the appellant, who was found guilty upon an indictment which attempted to charge him with intent to commit rape on Ellen Braukmann. The opinion of the court sets out the charging clause of the indictment, which is adjudged insufficient.

Opinion by Hurt, J.

This conviction was for an assault with intent to rape. The charg-

ing part of the indictment is that the defendant, Hewitt, "with force and arms * * did then and there, in and upon the body of Ellen Braukmann * * * an assault make, and her, the said Ellen Braukmann, then and there did wound and illtreat, with the intent then and there the said Elllen Braukman, against her will and without her consent, then and there feloniously to rape and carnally know."

This indictment is defective in this, that it fails to describe the offense, to wit, rape, intended to be committed. The use of the word "rape" is not sufficient; all of the elem nts of the intended offense must be charged.

Rape is the carnal knowledge of a woman without her consent, obtained by force, threats, or fraud. Hence the indictment must allege that the allault was made with the intent to have carnal knowledge of the party assaulted, without or against her consent, with or by force; threats, or fraud. The intended means to effect the rape must be charged. This is not done in the indictment before us. State vs. Williams, 41 Texas, 98.

In Davis vs. The State, 42 Texas, 226, it is held that by the charge "did ravish," force and violence by the man and want of consent by the woman are implied; but it has never been held, to our knowledge, that these implications or references could be made from the charge that the defendant "did rape," etc.

Rape being the conclusion of law from the allegation of all of the constituent acts, to allege an assault with intent to rape, or that the defendant did rape, without setting forth all of the elements of the offense, would be simply to charge that defendant committed a certain named offense.

Again, if the intended means to be used or resorted to by a party to accomplish the rape can be omitted, any or all of the other acts or elements may be; and the conclusion would be inevitable that an indictment simply charging "rape" or "an assault with intent to rape" would be sufficient.

We are of the opinion that the indictment is defective, and that the judgment must be reversed and the prosecution dismissed.

Reversed and dismissed.