Opinion delivered March 1, 1884.

---

[No. 1638.]

## NEWTON BUNTAIN *v.* THE STATE.

1. BURGLARY—INDICTMENT for burglary charging that the entry was effected by force, it was not necessary to allege the non-consent of the owner or occupant of the house, and a motion to quash based upon the omission to allege non-consent was properly overruled.

2. PRACTICE—EVIDENCE—CASE STATED.—While in jail the defendant stated to a witness that the alleged stolen watch chain was in the house of one Jenny M., secreted in a mattress. The chain was found secreted in the room described, but not in the mattress. *Held*, that the evidence was admissible as sufficiently coming within the rule that statements of a prisoner which lead to the discovery of the stolen property are admissible against him.

3. SAME.—The value of the stolen property having been proved, there was no error in permitting the State's attorney to exhibit the property to the jury.

4. SAME—CHARGE OF THE COURT.—Where an indictment for burglary alleges the entry to have been effected by force alone, both the charge of the court and the evidence should be confined to that mode of entry.

5. FACT CASE.—See evidence held insufficient to sustain a conviction for burglary.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. Hood.

The indictment was for the burglary of a caboose of the Texas and Pacific railroad, and the theft therefrom of a watch and chain, the property of Bunk Ramsay. The penalty imposed by a verdict of guilty was a term of two years in the penitentiary.

Bunk Ramsay was the first witness for the State. He testified, in substance, that he was a conductor on a freight train of the Texas and Pacific railway in April, 1883. On the night of the burglary, he slept in the caboose of the train he was to take out next morning. The caboose was divided into two apartments by a partition. Witness slept in one of these apartments, retiring about eleven o'clock. Syd. Thayer and Wood Turner, two brakesmen, slept in the other. Just before the witness went to bed the defendant, who was in the other room of the caboose, knocked at the door and the witness opened it. Defendant then asked witness the hour. Witness took out his watch and told him, and defendant lay down on the locker. Witness closed his door and locked it.

Next morning witness awoke at about six o'clock, found himself lying on the floor, the wind blowing in through the open door, and the door swinging to and fro and knocking him on the head. Getting up, witness found everything in his apartment turned upside down, and his watch and chain gone. The window of the caboose had been broken in, and the door catch by which the door locked had been unscrewed and taken off, and the door had been thus opened on the inside by some one who had entered by the window. When witness got up next morning he found Thayer and Turner in the next room of the caboose, but the defendant had gone.

Witness suspected the defendant of the theft, and went to the house of Jennie McKinney, where defendant staid, to look for him and the stolen property. He found defendant there in bed. Defendant denied knowing anything about the loss of the watch and chain. Witness examined about the premises but could find nothing. Several weeks afterwards he found his watch in the possession of Mack Gregory, who ran a train on the Santa Fe railroad, below Temple. Gregory did not surrender the

watch at that time, but after the arrest of defendant sent it to
Fort Worth.   Upon the receipt of the watch witness went again
to Jennie McKinney's, but failed to find the chain.   Upon this
failure he went to defendant, who was then in jail, and told him
that he had found the watch, and that if he, defendant, would
tell him how to recover the chain, he would not appear as a wit-
ness against him.   Defendant then told him that the chain was
secreted in the mattress, at Jennie McKinney's.   Witness se-
cured a search warrant and went to McKinney's.   A search of
the mattress failed to disclose the chain, but after a time it was
found, by indications from Jennie McKinney, secreted in the
wall, between the planks and the wall papering.   Jennie Mc-
Kinney was known by general reputation as a common prosti-
tute, but was also the reputed wife of defendant, and had gone
under the name of Jennie Buntain.

The officers who attended the witness Ramsay to execute the
search warrant corroborated his testimony as to what occurred
at the house at the time the chain was found.

The motion for new trial raised the questions involved in the
opinion.

*B. G. Johnson* filed an able brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   1.   Motions to quash the indictment and in
arrest of judgment because of insufficient indictment were
properly overruled.   It is alleged in the indictment that the bur-
glary was by *force.*   It was therefore not essential to allege that
the entry into the car was without the consent of the owner or
occupant.   (*Sullivan* v. *The State,* 13 Texas Ct. App., 462; *Sum-
mers* v. *The State,* 9 Texas Ct. App., 396; *State* v. *Williams,*
41 Texas, 98.)   A forcible entry being alleged, supplies the place
of an allegation of non-consent.   We think the allegation of the
ownership of the car, and the description of the car, are also
sufficient.

2.   We are of the opinion that the court did not err in admit-
ting, and in refusing to exclude, the testimony of the witness
Ramsay as to the statements made to him by defendant while
confined in jail, concerning the place where the chain might be
found.   Defendant stated that the chain was in a mattress in the
house of Jennie McKinney.   It is true that the chain was not

found in the exact place stated by him—that is, in the mattress— but it *was* found in Jennie McKinney's house, secreted in the wall of the house. It was the statement of the defendant as to the whereabouts of the chain, that caused the house of Jennie McKinney to be searched, and it was this search that led to the recovery of the chain. While the statement of the defendant was not found to be precisely true as to the exact place where the chain was secreted, still it proved to be substantially true, the chain being found in the same house with the mattress referred to. We think this was sufficient to meet the requirements of the statute. (Code Crim. Proc., Art. 750; *Davis* v. *The State*, 8 Texas Ct. App., 510, and authorities there cited.)

3. We are unable to perceive any material objection to the exhibition in the presence of the jury, by the county attorney, of the watch and chain, and his remarks in connection with such exhibition. It had already been proved that the watch was worth three hundred dollars, and that the chain was worth seventy-five dollars. It is not at all probable that a view of the property by the jury would, to any extent, influence their finding, or in any manner operate to the prejudice of the defendant.

4. It is charged in the indictment that the breaking and entering the car was by *force*. In his charge to the jury the learned judge said: "The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, with intent, in either case, of committing felony or the crime of theft. The entry into a house spoken of above includes every kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent." This charge is in the precise words of the statute. (Penal Code, Arts. 704–706.) It was excepted to by the defendant, at the time it was given, because it did not conform to the offense as charged in the indictment; that is, a burglary by *force* alone, but included a breaking and entry by other means than force, as well as one by force.

We think the exception to the charge is well grounded. There are three modes by which a burglary may be committed: First, by force; second, by threats; third, by fraud. (*Speiden* v. *The State*, 3 Texas Ct. App., 156.) This indictment alleges but one of those modes, a burglary by *force*. It was therefore essential to confine the evidence to this mode alone, and also to instruct the

jury with reference only to a burglary by force. In *Sullivan* v. *The State*, 13 Texas Court of Appeals, 462, this court said: "While it is true that the pleader can allege an entry by *force, threats or fraud,* or only one of the means of entrance, the State is confined to those alleged; and when of but one, to this one; and no evidence can be legally introduced to prove that which is not alleged. This rule is not confined to the introduction of the evidence, but extends to and controls the charge of the court. The charge must not depart from the allegation, though ever so much evidence be admitted to prove an offense, or that an offense has been committed in a certain way. If the offense is not charged, or is not charged to have been committed in such manner, though supported by evidence, the court must not instruct the jury upon such offense, or upon the offense committed in such manner."

Again in *Weeks* v. *The State*, 13 Texas Court of Appeals, 466, where the indictment charged a burglary by *force*, it was said: "The indictment selects force. To this the charge must be confined, let the evidence be what it may." The learned judge should have applied the law directly and affirmatively to the facts of the particular case before him, confining his instructions within the allegations of the indictment. It is very probable, we think, that this erroneous charge did not influence the verdict of the jury. But, it having been excepted to at the time, we cannot inquire as to its effect. In such case we have no discretion, but must set aside the conviction. (Code Crim. Proc., Art. 685; *Mace* v. *The State*, 9 Texas Ct. App., 110.)

5. But, had there been no error in the charge of the court, we would nevertheless reverse the judgment because, in our opinion, the evidence is not sufficient to support the verdict of the jury. Our views upon this subject will be found in the case of *Buntain* v. *The State*, this day decided by us, and which is a companion case to this, the evidence in both cases being identically the same.

Because of the error we have mentioned in the charge of the court, and because the verdict is not supported by the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*