TERRITORY OF MONTANA, respondent, v. JAMES DUNCAN, appellant.

CRIMINAL PLEADING.—*An indictment must at all times support the judgment*, and the question whether it does or not may be raised in the supreme court for the first time.

BURGLARY IN THE DAY-TIME — *Indictment — Allegations of intent.*— Under the statutes of this territory, in order to constitute the crime of burglary in the day-time, there must be a breaking and entering with intent to commit a felony; consequently, the facts which make up the constituent elements of the felony, and which show the intent to commit the same, must be alleged in the indictment. An allegation that the entry was made with intent to commit grand larceny, without averring the value of the property intended to be stolen, is insufficient.

*Appeal from Second District, Deer Lodge County.*

WM. H. TRIPPETT, for appellant.

The court erred in refusing to give the following instruction asked for: "It is charged in the indictment that the defendant broke and entered the dwelling-house of one Eli D. Holland. This is a material charge and must be proven as alleged beyond a reasonable doubt. A dwelling-house is a 'house in which the occupier and his family usually reside, or in other words, dwell and live in,' and before you can convict the defendant of the charge contained in the indictment, you must be satisfied beyond a reasonable doubt that the house mentioned in the indictment was occupied by Eli D. Holland as a dwelling-house for himself or family." 1 Whart. Crim. Law, 8th ed. secs. 784, 785, 787.

Though there is no statement on appeal, the pleadings show the materiality of the instruction.

The court erred further in denying appellant's motion in arrest of judgment, which motion has the same effect as a demurrer to the indictment. R. S. p. 334, sec. 356 *et seq.* The indictment does not sufficiently charge the intent to commit a felony. The language of the indictment describes petit larceny, which is no felony, as grand larceny, that is a felony.

Again, it is not enough to charge intent to commit a grand larceny, but the facts should have been set forth that constitute grand larceny. Bish. Crim. Pro. (3d ed.) vol. 2, sec. 142; *People* v. *Murray,* 8 Cal. 519.

J. A. JOHNSTON, Attorney-General, for respondent.

The exceptions to the action of the court in overruling motion for new trial, as well as those to instructions given and refused, are not specific, and therefore not entitled to consideration in court of appeal.

The indictment is substantially the same as form 373, Wharton's Precedents (2d ed.). The name of the owner

of the dwelling-house as well as that of the goods is set forth in the indictment according to the facts, and the judgment should be affirmed.

WADE, C. J. This is an indictment for burglary in the day-time, drawn under a statute of the territory, which provides that "Every person who shall break and enter into any dwelling or other house, with the intent to commit murder, rape or robbery, or any other felony, in the day-time, shall be deemed guilty of burglary" (R. S. 365, sec. 70); and, upon conviction thereof, the offender is subjected to punishment by imprisonment in the territorial prison for a period not less than two nor more than ten years. The statute of the territory further provides that "Crimes which do not subject the offender to imprisonment in the territorial prison, or to death, shall be classed as misdemeanors; crimes which subject the offender to imprisonment in the territorial prison, or to death, shall be classed as felonies." R. S. 287, sec. 4. Every person who shall feloniously steal, take and carry away the personal goods or property of another, of the value of $50 or more, shall be deemed guilty of grand larceny, and, upon conviction thereof, shall be punished by imprisonment in the territorial prison, etc. If the goods so stolen are of less value than $50, the offender is deemed guilty of petit larceny, and, on conviction, is subjected to punishment in the county jail. R. S. 366, secs. 72, 73.

The indictment in question charges "That the defendant did, on or about the 1st day of August, 1882, at the town of Deer Lodge, in the said county of Deer Lodge, Montana territory, about the hour of 4 o'clock, in the day-time of the said day, with force and arms, at the said town, county and territory aforesaid, the dwelling-house of one Eli D. Holland, situate on the west of B street, in the said town of Deer Lodge, in the county of Deer Lodge, Montana territory, then and there occupied

by one Annie Burnett, then and there unlawfully, wilfully, feloniously and burglariously did break and enter with intent, the goods and chattels of one Annie Burnett, in the said dwelling-house then and there being, then and there unlawfully, wilfully, feloniously and burglariously to steal, take and carry away; and that the said James Duncan did then and there enter the said dwelling-house, with intent to commit the crime of grand larceny, contrary," etc.

There was a motion in arrest of judgment, for the reason that the facts stated in the indictment do not constitute a public offense under the laws of the territory, which was overruled and judgment entered upon the verdict, from which the defendant appeals to this court. This appeal properly brings the indictment here for review.

The indictment must at all times support the judgment, and the question whether it does, or not, may be raised in this court for the first time. The statute under which this indictment was drawn, makes it burglary to break and enter a dwelling-house in the day-time, with intent to commit a felony. It is felony, by the terms of our statute, to steal personal property of the value of $50 or over. This indictment charges that the defendant broke and entered the dwelling-house named, with intent to steal the goods and chattels of one Annie Burnett, but it does not describe the goods and chattels, or give their value. It is not a felony and it is not burglary, under this statute, to break and enter a dwelling-house in the day-time, with intent to steal goods and chattels of less than $50 in value. There is no allegation contained in the indictment under which any proof of the value of the goods might have been submitted, whereby it could have been determined whether the breaking and entering was done with intent to commit a felony or a misdemeanor. The breaking and entering of a dwelling-house with intent to steal goods and chattels

is not a breaking and entering with intent to commit the crime of grand larceny. Therefore, an indictment under this statute for burglary is insufficient, which charges merely that the breaking and entering was done with intent to steal goods and chattels. Such an allegation does not show an intent to commit a felony, or the crime of grand larceny, which is a felony. If the intent falls short of a felony, then the breaking and entering of a dwelling-house in the day-time is not burglary, under this statute.

In the case of *The People* v. *Murray*, 8 Cal. 520, the court says: "The fifty-eighth section of our statute concerning crimes and punishments says: 'With intent to commit murder, robbery, rape, mayhem, larceny or other felony.' And felony is defined to be a public offense, punishable with death or by imprisonment in a state prison, and is, therefore, a felony, while petit larceny is not a felony.

"It is clear from the fact that all the offenses specified in the fifty-eighth section can be nothing but felonies — except the crime of larceny — and from the further fact that the expression 'or other felony' is used immediately after 'larceny,' that the legislature intended that the intent to commit a felony must exist in the mind of the prisoner to make the offense complete. To charge a party, therefore, with breaking and entering a dwelling-house, with intent to steal the personal goods of another within the house, without specifying the value of the goods intended to be stolen, is not sufficient. The language of the legislature is too clear, under the well-known rules of construction applicable to criminal statutes, to admit of doubt. It is true that, under the construction we are compelled to give the statute, the breaking and entering a dwelling-house with intent to commit petit larceny may be no statutory offense. But this is an omission which must be provided for by the legislature."

In the case of *The People* v. *Stickman*, 34 Cal. 245, speaking of the statute under which the foregoing decision was rendered, the court says: "This statute was amended, in 1858, so as to include the case of an intent to commit petit larceny, which it did not previously do."

But the statute we are considering requires no construction to make it appear that the legislature intended that the intent to commit a felony must exist in the mind of the prisoner to make the offense complete, for it declares that the breaking and entering must be done with intent to commit murder, rape, robbery or other felony, in order to constitute the crime of burglary in the day-time.

3. The indictment also charges that the defendant "did, then and there, enter the said dwelling-house with the intent to commit the crime of grand larceny." This averment is a mere conclusion, and it is a conclusion not based on any facts alleged. The elements that enter into and constitute the crime of grand larceny are not averred, and, in the absence of such averments, we know of no principle that would authorize proof of facts that enter into the crime, or that would show an intent to commit the same. The allegation and the proof must correspond, but there could be no proof of a mere conclusion of law. There could be no proof of an intent to commit the crime of grand larceny in the absence of any averments as to the property intended to be stolen, or the value thereof. It is for the court to say, from the facts alleged, whether the intent to commit the crime of grand larceny existed or not. It would not do to charge that a defendant committed the crime of murder, and then call a witness to prove this conclusion; and, for the same reason, it is insufficient to so allege, when it is attempted to charge him with an intent to commit the offense. In either case, the facts that constitute murder, or an intent to commit murder, must be alleged before there could be any proof of the crime. Says Mr. Bishop,

Crim. Proc. vol. 2, sec. 142 (3d ed.), "Simply to mention the name of the intended felony, as 'larceny,' or 'rape,' with no more, appears to be deemed, by most judges, not sufficiently minute, though some hold it adequate." *Lee* v. *The State,* 56 Ga. 477; *The State* v. *Williams,* 41 Tex. 98; *People* v. *Shaber,* 32 Cal. 36; *Wicks* v. *State,* 44 Ala. 398.

The decision in the California case, which holds that it is sufficient to mention the name of the intended felony, was by a divided court, and the dissenting opinion by Judge Sanderson, in which he says: "It is not sufficient in any indictment for burglary to allege the intent to be 'to commit larceny,' or 'to commit rape,' or 'to commit murder,' as the case may be, and there stop. The offense intended must be described, or, in other words, the acts which the defendant intended to commit, after having effected an entrance into the building, must be described for the purpose of showing what the intent was. This is but a familiar principle in every system of pleading, either civil or criminal. The facts are to be stated, to the exclusion of conclusions of law to be drawn therefrom. Where an intent to commit an offense is to be charged, there is as much necessity for describing the offense intended as there is where the commission of the offense is charged directly. It is not for the pleader to say whether the acts intended amount to larceny, rape or murder, but for the court, and the acts, therefore, which constitute the one or the other must be alleged." We consider this as conclusive of the question and in accord with the fundamental principles and analogies of the law.

In the case of *The State* v. *Williams, supra,* the court says: "The indictment is, however, defective in this: that while it charged an unlawful entry into the dwelling-house of Rachel Pullin, it failed to charge that such an unlawful entry in the night-time was with the felonious intent to commit such a crime as would make the

unlawful entry of the accused a burglary. The indictment was intended so to charge, but its averments fall short of the intentions of its framer. While it charges the accused with having entered the premises with the felonious intent to commit the crime of rape upon the person of Rachel Pullin, it fails to describe the offense intended to be committed. The mere word 'rape' is insufficient to describe it."

The conclusion seems clear that, under our statute, where, in order to constitute the crime of burglary in the day-time, there must be a breaking and entering with intent to commit a felony, the facts which make up the constituent elements of the felony, and which show the intent to commit the same, must be alleged in the indictment.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*