BARNEY WILSON v. THE STATE.

No. 3926. Decided February 2, 1916.

Rehearing denied February 15, 1916.

**1.—Burglary—Circumstantial Evidence—Charge of Court.**

Where, upon trial of burglary in the night-time by force, the defendant was identified by positive evidence as the burglar, there was no error in the court's failure to charge on circumstantial evidence.

**2.—Same—Consent.**

Where, upon trial of burglary in the night-time by force, the indictment alleged that the entry was made with the intent to commit theft, and did not contain a count charging theft, it was not necessary to prove the want of consent of the owner who was absent at the time, the defendant denying that he was the person who burglarized the house; in such case it was neither necessary to allege nor to prove that the entry was made without the consent of the owner of the house. Following Buchanan v. State, 24 Texas Crim. App., 195, and other cases.

Appeal from the District Court of Williamson. Tried below before the Hon. A. S. Fisher.

Appeal from a conviction of burglary in the night-time, by force; penalty, five years imprisonment in the penitentiary.

*Melasky & Moody,* for appellant.—On question of consent: Brown v. State, 7 Texas Crim. App., 619; Sullivan v. State, 13 id., 462; Smith v. State, 3 S. W. Rep., 238; Treadwell v. State, 16 Texas Crim. App., 643; Moray v. State, 61 Texas Crim. Rep., 549, 135 S. W. Rep., 569.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at five years confinement in the State penitentiary.

Appellant insists that the court erred in failing to charge on circumstantial evidence. No such charge was called for, as Miss Kelley testified that she recognized the defendant as the man who made the entry into the house; that a light was burning, and she recognized him by the funny shape of his head and his mustache. This positive identification of appellant rendered it unnecessary to charge on circumstantial evidence.

Appellant insists that as the house was alleged, in the indictment, to belong to Will Goff, and charged that the entry was made without his consent, that Goff should have been called as a witness to prove that he did not give consent; that want of consent could not be proven by circumstantial evidence, but if want of consent is proven by circumstantial evidence, then when such fact is proven by circumstantial evidence, it is fundamental error not to instruct the jury the law of circumstantial evidence. In a case of burglary it is not necessary to allege nor prove want of consent to make the entry, unless such fact becomes an issue in the case. In this case no such issue arises on the testimony. Miss Kelley positively identifies appellant as the person who made the entry and stole the clothing. Appellant denies he is the person who burglarized the house. So consent is not an issue in the case, and in such case it was not necessary to allege nor prove that the entry was made without the consent of Will Goff, and even if alleged, such allegation in a burglary indictment may be treated as surplusage, it being unnecessary to the sufficiency of the indictment,—the indictment alleging that the entry was made in the night-time by force. State v. Williams, 41 Texas, 98; Summers v. State, 9 Texas Crim. App., 396; Taylor v. State, 23 Texas Crim. App., 639; Buchanan v. State, 24 Texas Crim. App., 195; Smith v. State, 22 Texas Crim. App., 350; Sampson v. State, 20 S. W. Rep., 708.

There is no allegation in the indictment that any property was in fact stolen, but only that entry was made with intent to commit theft. If the indictment contained a count charging theft, then it would have been necessary to allege and prove want of consent as to that count. But as no such allegation is made, the State was not required to call

Mr. Goff as a witness and prove want of consent. And as it was unnecessary, the fact that Mrs. Goff was permitted to testify that she did not give consent, and her husband was absent on the occasion, would present no error. The State was making proof by circumstances of a fact that it was wholly unnecessary to prove.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, not present at consultation.

[Rehearing denied February 15, 1916.—Reporter.]